Opinion of the Cour.t, by
Judge Mn.r.s.
TO secure a debt due from Thomas J. Garrett ia Lane and Taylor, Garrett executed his noie to David Trimble and Ashton Garrett, who had promised to become fair ■»"WfrwO?s, and they endorsed the note in blank. *101 ytnd delivered it to said Lane and Taylor, who, having transferred the debt to the present appellees, delivered to them the note, and they filled up the endorsement to themselves.
Tho tions moved by tho lielbn-cl ants in the cirQtj^, court.
Instructions given by the circuit otMirf;
This note became due on the 20th ofNovember 1819, and to the nejjt term of (he circuit,court in and for the county where Thomas J. Garrett resided, the appellees issued their writ of capias ad respondendum, on said note, against him, in an action of debt, and at said term, to wit, on the 4!h of April 1820, obtained a judgment, and th.e court adjourned on the 14th of the same month. The appellees issued no execution on their judgment, until the 26th day of July following, upwards of three months after the .adjournment aforesaid, and then they issued & fieri facias, which was returned by the sheriff, “levied on sundry articles of property, which were claimed by J. D. Everett, as. trustee of said Thomas J. Garrett, and found by a jury to belong to said Everett, or not to be subject to the execution, and that no more property was found.” They then speedily issued a capias ad satisfaciendum, by which the body of the debt- or was taken' and committed to prison, where he remained until the passage of the act of assembly abolishing imprisonment for debt, tvhen he was brought before a justice of the peace, who discharged him pursuant to that act, because he stood committed on process in a civil case. The appellees then issued a second fieri facias against him, which was returned “ho property found.” They' then commenced this action against David Trimble and Ashton Garrett, the assignors, to subject them, on their responsibility created by their assignment, to the contents of the note.
On the trial of the issue of non assumpsit, in this cause, these facts were proved, and p motion was thereupon made, to instruct the jury as in case of a nonsuit, relying mainly upon the ground that the plaintiffs bad not used such due and reasonable diligence as entitled them to their recourse against the assignors, in this action.
The court overruled the motion, and instructed the jury, that, under the circumstances' of this case, the diligence used in pursuing the debtor, Thomas J. Garrett, as shown by the evidence, amounted to due and legal diligence.
CO. D<dayin ocutionon^i judgment oh-timed in due theeoWworSt for 3 months after the rluSve13 C°n" ioreoOTer^a-ragnotó-.*e*a D .•
further ¡statement of 110 ease.
Oblfoor’s mortgage to assignor.
5 deoil’of trust to Everett,
To this point, with many others, an exception wa^ hikon, and the jury having found a verdict for the ap-polices, from the judgment rendered thereon this appeal was prayed, and this portit, with many others, is reiicd on to reverse the judgment, and it first claims the consideration of this court.
(1) The qnly chasm in the diligence exercised by the appellees in prosecuting their suit against the original debtor, appears between the judgment and execution, For this delay no apology was offered, or excuse proved-This court has never held assignees to more than reasonable diligence in prosecuting the demand against the original debitors, and has never required them to “ run a race against time;” still it has not permitted any un-re^|pdnble delay to be passed over. The time here lost, than any prudent man would have indulged iti^ bejieved his debt in danger, and savors to'o strong]y of indulgence graciously giVcn, by some under-'^¿tndLqg between the parties. Considering this case as havd at^tecj it, uncoupled with any other circurn, stances in the cause, we must, according to previous decisions of the court, hold the delay as conclusive against the appellees’ right to recover.
But there are some othercircumstanc.es in the case, to which we suppose the court alluded, in the instruct {,ori given, as sufficient to make thi$ case an exception, to which we will now attend.
Thomas J. Garrett, the debtor, after the endorsa-merit of the appellants, executed to them a mortgage on sundry articles of property and some real estate, expressing on its face that it was to secure them for some other demands for which they were jointly bound with him; to secure, also, an open store account du.e them, and further credit in the store and advancements to the amount of $3,000, and to indemnify them for their endorsements for him to Lane and Taylor, to the amount of ten thousand dollars, of which the note in question was the last third part thereof, still due; and finally, to secure them for all demands whatever.
After this, and just befoye the note in question be.came due, ho also executed lo S. D. Everett, a deed of i|-lish 1° secure certain persons therein named, who had become sureties for him lo John W. Hunt, in a considerable sum of money. This last deed included lands, slaves and personal estate,-a part of which appears to bet > *103 the same property mortgaged to the appelldes, and the-residue different property. . .
Second mort-gil§e «[ the signors.'
c]ose t}ie mortgage,
Evidence of the obligor’s circumstan-
slgnom/rusi where he is amena-bletoprocess, afl^-ded'by law, in alfits ramifications extent f0re any recovery can be
j¡v¡tiencc ¿(insolvency, other than that proved the execution itself, has ne-(.¡iai.„e tile assignor,
G) it ti?eedebtor’i estate was covered by deedsof trust, •and by evidence dehors the cases that he was insolvent, does not authorise the assignee to proceed more leisurely than in other cases
*103 After he was discharged from imprisonment under tile capias ad satisfaciendum., at the suit of the appél-ices, he also assigned to one of the appellants the estate included in Everett’s deed of trust, and which had not been included in their first mortgage; to indemnify them against the danger of this assignment; and before the trial of this suit, the appellants filed their bill on these mortgages, suggesting their danger, and praying that all the estate might be disposed of; and applied to this debt.
It was also proved by witnessfes, that after the execution of Everett’s deed, he was reputed or said to be insolvent, and that they knew of no other estate, besides what was included in the two deeds to Everett appellants, although, during the year 1320^ executions of the appellees for this dem might have been operating upon him, he'! vers sum of money to others.
These circumstances ail appeared in evic part of the plaintiffs below, before thecouri nonsuit them; and the inquiry is, whether shej’Slight to have made any difference in the decision.
(2) Ever since Uve case of Smallwood vs. Woods, Bibb 524, and indeed before, assignees have been held to reasonable diligence by suit, and nothing has been held sufficient to excuse the prosecution of legal remedies, in the case of general assignments, where the person of the debtor was amenable to the process of law-, and there was no fraud. Moreover, remedy by law must bo pursued in all its ramifications, and to its full extent, before any recourse can be had.
(3) Evidence of insolvency, other than that proved by the force of execution itself, has never bee» held sufficient to charge the assignor; of course, the supposed insolvency oí Garrett, and the execution -of the deeds oí trust, could not excuse ll.
(4) And if suit is brought at all, we know of no good reason why such deeds of trust or insolvency should authorise the person to proceed more leisurely than in other cases. We are unwilling to introduce the perplexity that wpuld arise from such a rule, in determining what degree of negligence should or should not be excused, under such circumstances. ¡Neither the deeds *104 themselves nor the supposed insolvency of Garrett, its proved, can aid the case of the appellees.
(5)The mortgage of the obligor’s estate to the assignor, to indemnify him against the recoil of the demand, does not dispense with the necessity of duo diligence by
(6) There is no analogy between the oase of an endorser on a foreign bill, indemnified by the drawer, and an assignor secured against recourse on him. There, the indemnity may supersede notice, which is essential to a recovery; here, no notice is necessary, and of course indemnity can make no difference,
(5) But the most important question that can arise, is, as two of these mortgages were executed to the appellants themselves, to indemnify them against this very debt, ought this to make an)' difference in the law of the case? Wo conceive not. We need not say what rule ought to have governed, if these mortgages had obstructed the operation of the execution of the appel-lees. This, however, does not appear to have been the case. We need not enquire whether these mortgages ought or ought not to operate for the benefit of the ap-pellees, and whether, a court of equity might not compel their assignment, and substitute the appellees iu lieu of the appellants, as to the title conferred; for our inquiry now is into the legal liability of the appellants. This arises from the principle, that money paid for a consideration that happens to fail, may be recovered back, provided the assignee has taken the proper steps to prove its failure, by suit, and the assignor has not been instrumental in producing the failure. Every such note i» assigned with the understanding that if suit diligently prosecuted to the extent, is ineffectual, the assignor shall restore what he receives, or make good the injury which he has occasioned. We cannot see how taking a mortgage for indemnity, afterwards-, should in any manner alter that understanding, or discharge the holder from any diligence to which he was bound before. If it has discharged him from any part of that diligence, it may be asked, to what extent? If it allows him the negligence of three months, why not often, of a hundred, or a thousand; or why not dispense with suit altogether, from the moment the mortgage is taken? The mortgages were more calculated to secure the property from other demands, and save it for this, than to remove the effect of this claim from it. The assignees were, therefore, bound to use as much diligence afterwards, as before. ,
(6) it has been urged, that the design of notice of the protest of a bill of exchange, is to put the endorser on the alert, and enable him to get an indemnity; and that if he had that indemnity safe, the notice.would not be required. If it be conceded, for the sake of argument, that such an indemnity would dispense with notice on a bill of exchange, there is no analogy between the two *105 cases. Here, no notice is required, and, of course, the law does not contemplate an indemnity making any difference.
(7) The as-signee’s right to-recover against the assignor, is staked on the. issue of proof of due diligence in pursuing the original debtor according to law, which is not dispensed with by the assignor having been indemnified against a re-601 ‘
Triplett and Monroe, for plaintiffs; Bibb and Critten-den, for defendants.
(7) This is a question of recovery staked on the issue of proof of proper diligence in pursuing the original debtor according to law, without notice or claim on t¡4e assignors, until the process is ended, and an indemnity cannot dispense with the due prosecution of suit. We are, therefore, of opinion, that there are no circumstances attached to the case,'calculated to take it out of the general rule^and that the plaintiffs below, now appellees, failed in showing any right to recover, and that the court below, instead of the instructions given, ought to have instructed the jury as in case of a nonsuit. There are many other questions made in the progress of the trial, both as to the admission of evidence' and its effect; but as there were none calculated to aid the appeliees, or toshow that they had a better right to a verdict than the evidence recited, an‘d as the .question decidéd, we suppose, must be decisive of the controversy, we have not thought it necessary to notice them.
The judgment must be reversed with costs,’and the verdict be set aside, and the cause be remanded for.new proceedings not inconsistent with this opinion.